## STATE v. MORRELL.

No. 2105.   Decided September 26, 1911 (118 Pac. 215).

LARCENY—OWNERSHIP OF PROPERTY—FELONIOUS TAKING—EVIDENCE.
Evidence on prosecution for larceny of a cow *held* insufficient
to show she was the property of the person alleged, or to show
a felonious taking.

APPEAL from District Court, Sixth District; *Hon. J. F.
Chidester,* Judge.

George Morrell was convicted of grand larceny and appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

*King & Burton.* and *G. T. Bean* for appellant.

*A. R. Barnes* Attorney-General,. for the State.

STRAUP, J.
The defendant was convicted of grand larceny, the stealing of a cow, the alleged property of Peter Scorup. He has challenged the sufficiency of the evidence to sustain the verdict. We think the evidence insufficient in two particulars: (1) To show that the cow was the property of Scorup; and (2) to show a felonious taking by the defendant.

With respect to the first point Scorup testified that he, in November, 1906, purchased from H. H. Kearns 312 head of cattle, branded "H" on the left ribs. About twenty-five head also had other brands on them. About 280 head were delivered to Scorup; thirty or thirty-five were astray on the range. In the fall of 1907 the cattle were gathered by him. He then was short about sixteen head. He later sold most of the cattle to Niel McMillan. He sold four or five head to butchers. "A big, fine cow" so sold was turned back on the

range. He sold no cattle to the defendant. Among the cattle purchased by him were some of "a roan color and bald-faced"—white face. There were other cattle of that description in the community owned by others. Scorup further testified that he never saw the cow in question, and that he did not know whether she belonged to him, or whether he had purchased her from Kearns. Other witnesses testified for the state that in October, 1908, the defendant butchered a "roan white-faced" cow having an "H" brand on the left side. They further testified that they saw the cow in the defendant's possession for a year or a year and a half prior thereto, and that he, under an asserted claim of ownership, openly had kept the cow about his premises and in his field, and without any attempt of concealment. To some of them he stated, prior to the controversy, that he lost the cow when she was a yearling, that she then was branded with his brand "67" on the right hip, and that two or three years thereafter he found her branded "H" on the left side. When he butchered the cow, he openly and in the presence of some of the witnesses drove her from the field and stated to them that he intended to butcher her. They offered to help him. He told them he had sufficient help. The cow was slaughtered, the hide thrown across the fence, and the head placed near it, where both were exposed to the view of the public. There the sheriff saw them and seized the hide. It had the "H" brand on it. That brand belonged to Kearns, who had sold to Scorup. The defendant's brand was "67." Ergo, the cow belonged to Scorup, and the defendant stole her at the time and in the manner alleged. That is the state's case.

The defendant corroborated in most particulars by other witnesses, testified that the cow belonged to him; that he had raised her; that he branded her when she was about a year old; that he then lost her; that he found her, two or three years thereafter, branded "H" on the left side; and that he inquired of the county clerk's office and from others as to the ownership of the "H" brand, and, as testified to by him, tried to find out who had branded his cow. He re-

claimed the cow, openly kept her about his premises and in his field for a year or a year and a half, and then butchered her. He and other witnesses testified that a part of the defendant's brand "67," was still visible on the cow when she was butchered. The defendant testified: "A part of the brand showed on the hide when it was on the cow. The '6' showed, and you could see where part of the '7' was. It still shows on the hide, but not as clearly as when the hide was on the cow." We do not find any evidence disputing this, except the testimony of some of the witnesses, who testified that they saw the cow in the defendant's field and noticed only the "H" brand.

We think the verdict is clearly without support. The judgment of the court below is therefore reversed, and the case remanded for a new trial.

FRICK, C. J., and McCARTY, J., concur.